UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LUCKY B. MINER, ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | Case No. 4:24-cv-00989-MTS |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Lucky B. Miner's Motion to Vacate, Set Aside, or Correct Sentence. Doc. [1]. The Court will deny the Motion and dismiss this action for the reasons discussed below.

**Background**

On February 13, 2024, this Court sentenced Miner to 110 months' imprisonment on one count of possession of a firearm as a felon in violation of 18 U.S.C. § 922(g)(1). *See United States v. Miner*, 4:22-cr-00519-MTS-1 (E.D. Mo.). Miner is currently in federal custody at FCI Greenville in Greenville, Illinois. He initiated the present case on July 19, 2024, by filing a motion to vacate, set aside, or correct sentence.

**Discussion**

Miner contends that his 28 U.S.C. § 922(g)(1) conviction runs afoul of the Second Amendment. To support this assertion, he relies on the U.S. Supreme Court's decision in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022). In that case, the

Supreme Court struck down a New York State law that required applicants to show "a special need for self-protection" before receiving an unrestricted license to carry a concealed firearm. *Bruen*, 597 U.S. at 10. Since *Bruen*, the U.S. Court of Appeals for the Eighth Circuit has concluded that the felon-in-possession statute is constitutional and that there is "no need for felony-by-felony litigation regarding the constitutionality of § 922(g)(1)." *United States v. Jackson*, 110 F.4th 1120, 1125 (8th Cir. 2024). The Eighth Circuit's decision in *Jackson* forecloses Plaintiff's sole claim.[1] *See United States v. Lowry*, 112 F.4th 629, 632 (8th Cir. 2024). For this reason, the Court finds that Miner is not entitled to habeas relief under 28 U.S.C. § 2255.

In addition, in Plaintiff's plea agreement, he "waive[d] all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel." *United States v. Miner*, 4:22-cr-00519-MTS-1, ECF No. 36 (E.D. Mo. Nov. 14, 2023). "A defendant may waive the right to seek collateral relief under § 2255." *Ackerland v. United States*, 633 F.3d 698, 701 (8th Cir. 2011). "Such a waiver is enforceable when the claim raised falls within the scope of the waiver, the defendant knowingly and voluntarily entered into the plea agreement and waiver, and

---

[1] Even if Movant could bring an as-applied challenge to § 922(g)(1), he would not succeed. His criminal history includes at least one conviction for violent conduct and clearly shows that he is dangerous. *See United States v. Jackson*, 85 F.4th 468, 477 (8th Cir. 2023) (Stras, J., dissenting from the denial of reh'g en banc) (explaining that, based on Founding-era history, the government can strip "dangerous" individuals of their firearms); *Kanter v. Barr*, 919 F.3d 437, 451, 464–465 (7th Cir. 2019) (Barrett, J., dissenting) ("History is consistent with common sense: it demonstrates that legislatures have the power to prohibit dangerous people from possessing guns."); *see also United States v. Williams*, 113 F.4th 637, 662–63 (6th Cir. 2024) ("[W]e hold today that § 922(g)(1) is constitutional on its face and as applied to dangerous people.").

enforcement of the waiver would not result in a miscarriage of justice." *Id.* Even if Plaintiff had a valid claim under *Bruen*, he has waived it.

## Conclusion

Rule 4 of the Rules Governing § 2255 Proceedings provides that a district court shall summarily dismiss a habeas petition if it plainly appears that the movant is not entitled to relief. Pursuant to that Rule, for the reasons explained herein, the Court will deny and summarily dismiss Miner's Motion to Vacate, Set Aside, or Correct Sentence. The Court will not issue a certificate of appealability.[2]

Accordingly,

**IT IS HEREBY ORDERED** that Movant Lucky B. Miner's Motion to Vacate, Set Aside, or Correct Sentence, Doc. [1], is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 31st day of October 2024.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

---

[2] Before issuing a certificate of appealability, a district court must find a substantial showing of a denial of a federal right. 28 U.S.C. § 2253(c)(2); *see also Tiedeman v. Benson*, 122 F.3d 518, 522 (8th Cir. 1997). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). Movant has made no such showing in this case.